```
IN THE UNITED STATES DISTRICT COURT
  FOR THE SOUTHERN DISTRICT OF GEORGIA
             AUGUSTA DIVISION
```

UNITED STATES OF AMERICA     \*
                              \*

v.                               \*       CR 115-002
                              \*

GREGORY D. IVY              \*

O R D E R

On May 27, 2015, Defendant Gregory D. Ivy pled guilty to a charge of felon in possession of firearms, a violation of 18 U.S.C. § 922(g)(1). He was sentenced to a term of imprisonment of 72 months. Defendant did not appeal his conviction or sentence.

On July 15, 2019, Defendant submitted a letter that has been docketed as a motion for relief from judgment. Therein, Defendant seeks vacation of his § 922(g) conviction pursuant to the recent decision of Rehaif v. United States, --- U.S. ---, 139 S. Ct. 2191 (Jun. 21, 2019). In Rehaif, the United States Supreme Court held that the Government must prove both that a defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm, which in Rehaif was an illegal alien, see 18 U.S.C. § 922(g)(5).

Here, Defendant is attempting to attack the legality of his sentence, which he can only do by filing a motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255. Defendant's motion to appoint counsel does not reference § 2255 in any way.

Nevertheless, this Court intends to recharacterize his motion as a § 2255 motion. See Castro v. United States, 540 U.S. 375 (2003) (explaining that a district court must notify a litigant of its intent to recharacterize a *pro se* motion as a § 2255 habeas petition). This recharacterization means that any subsequent § 2255 motion will be subject to the statutory restriction on "second and successive" § 2255 motions. See 28 U.S.C. § 2255(b) & 2255(h) (prohibiting claims in second or successive § 2255 motions except under certain specified circumstances). Accordingly, Defendant must notify this Court in writing within thirty (30) days hereof if he contests the recharacterization of his motion, whether he wishes to withdraw the motion, or whether he wishes to amend the motion to assert any other § 2255 claims aside from his Rehaif claim.[1] If Defendant fails to respond to this Order within 30 days, his motion for relief will be recharacterized as a § 2255 motion, the Clerk will docket it as a new civil action,[2] and his

---

[1] The **CLERK** is **DIRECTED** to attach a copy of the standard form for § 2255 motions to Defendant's service copy of this Order in case he decides to amend his filing to include additional § 2255 claims. If Defendant chooses to amend his motion, he must set forth all his § 2255 claims on the attached form, including his Rehaif claim. In other words, if Defendant files an amended motion on the form provided, the Court will not consider the original motion; rather, the amended motion will supersede the original motion in its entirety. See Pintando v. Miami-Dade Hous. Agency, 501 F.3d 1241, 1243 (11th Cir. 2007); Lowery v. Ala. Power Co., 483 F.3d 1184, 1219 (11th Cir. 2007). Any new claims filed by Defendant are subject to the one-year statute of limitations of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), see 28 U.S.C. § 2255(f), and all other applicable standards governing § 2255 actions.

[2] **The Clerk shall docket the new civil action as a motion under 28 U.S.C. § 2255 with a *nunc pro tunc* filing date of July 15, 2019.**

2

claim will be addressed under the standards applicable to § 2255 motions.

Further, to the extent that Defendant is requesting the appointment of counsel, a habeas petitioner has no absolute constitutional right to the appointment of counsel. Henderson v. Campbell, 353 F.3d 880, 892 (11th Cir. 2003) (held in the context of a habeas proceeding under 28 U.S.C. § 2254). Rather, a court may appoint counsel only if the interests of justice so require. 28 U.S.C. § 2255(g) (incorporating by reference the standards of 18 U.S.C. § 3006A(a)(2)(B) for the appointment of counsel); see McCall v. Cook, 495 F. App'x 29, 31 (11th Cir. 2012) (stating that civil litigants, even prisoners, have no constitutional right to counsel; rather, appointment of counsel in civil cases is "a privilege that is justified only by exceptional circumstances" (quoted source omitted)). Here, Defendant has not shown that the interests of justice demand the appointment of an attorney. Accordingly, he is not entitled to the appointment of counsel.

**ORDER ENTERED** at Augusta, Georgia, this 26th day of July, 2019.

J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA