IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CR 115-002 |
| | * | |
| GREGORY LEE IVY | * | |

**O R D E R**

Defendant Gregory Lee Ivy has sent a letter to the undersigned judge that will be construed as a motion for "compassionate release" pursuant to 18 U.S.C. § 3582(c)(1)(A).[1] The government opposes the motion. Upon due consideration, the Court dismisses Ivy's motion as premature for failure to exhaust administrative remedies.

The compassionate release provision of § 3582(c)(1)(A) provides a narrow path for a defendant in "extraordinary and compelling circumstances" to leave prison early. Prior to the passage of the First Step Act, only the Director of the Bureau of

---

[1] Ivy also mentions the CARES Act and speaks in terms of releasing him to home confinement. Designation of an inmate's place of confinement, however, is within the absolute discretion of the Bureau of Prisons. E.g., Jones v. Woods, 2019 WL 2754731, *4 (M.D. Ala. Jun. 4, 2019) (cited sources omitted); Brown v. Atkinson, 2010 WL 3659634, *4 (S.D. Fla. Jun. 11, 2010) ("A federal district court does not have the authority to order an inmate's placement in a particular facility or program." (cited sources omitted).) Accordingly, the Court has no authority to direct that Ivy's remaining sentence be served on home confinement.

Prisons ("BOP") could file a motion for compassionate release in the district court. The First Step Act modified 18 U.S.C. § 3582(c)(1)(A) to allow *a defendant* to move a federal district court for compassionate release, but only "after he has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." In this case, Ivy has made no showing that he has exhausted his administrative remedies as required prior to seeking relief in the district court.

The mandatory exhaustion language of the statute essentially gives the BOP at least thirty days to consider any request for compassionate release. See Ross v. Blake, --- U.S. ---, 136 S. Ct. 1850, 1856 (2016) (finding that courts cannot ignore the mandatory language of the Prison Litigation Reform Act's exhaustion statute even to accommodate special circumstances). This waiting period is appropriate because the BOP is better positioned to assess an individual inmate's present circumstances. In the context of the COVID-19 pandemic, where the BOP has implemented policies and proactive measures to protect the health and safety of its prisons' populations,[2] and where the Attorney

---

[2] (See generally Gov't Resp. in Opp'n, Doc. 77, at 8-13 and sources cited therein.)

2

General has directed the BOP to "immediately maximize appropriate transfers to home confinement . . . where COVID-19 is materially affecting operations,"[3] the expertise and informed assessment of the BOP should not be heedlessly omitted from the process. Accord United States v. Raia, Case No. 20-1033 (3d Cir. Jan. 3, 2020), Am. Opinion of Apr. 8, 2020, Doc. 25, at 8 (stating that "[g]iven BOP's shared desire for a safe and healthy prison environment, . . . strict compliance with § 3582(c)(1)(A)'s exhaustion requirement takes on added - and critical - importance" in connection with the COVID-19 pandemic). Accordingly, the Court will not consider Ivy's motion for compassionate release at this time.

The Court notes that Ivy has listed what in layman's terms would be considered serious medical issues: "I suffer from 'one lung,' I have only one kidney and a half stomach, my immune system is weak, which subjects me to the COVID-19 virus." (Ivy Mot., Doc. 75, at 1.) This does not necessarily qualify as a serious medical condition under U.S.S.G. § 1B1.13, the policy statement of

---

[3] Memorandum from the Attorney General to the Director of Bureau of Prisons, dated Apr. 3, 2020, available at https://www.justice.gov/file/1266661/download (last visited Jul. 17, 2020). See also Memorandum from the Attorney General to the Director of Bureau of Prisons, dated Mar. 26, 2020, available at https://www.justice.gov/file/1262731/download (last visited Jul. 17, 2020) ("I am hereby directing you to prioritize the use of your various statutory authorities to grant home confinement for inmates seeking transfer in connection with the ongoing COVID-19 pandemic.").

the Sentencing Commission in the implementation of the compassionate release provision.  To qualify, an inmate's medical condition must be "serious and advanced . . . with an end of life trajectory, U.S.S.G. § 1B1.13, app. note 1(a)(i), or must be serious enough that it "substantially diminish[es] the ability of the [inmate] to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover," id., app. note 1(a)(ii).  Here, Ivy has presented no medical *evidence* that he satisfies either of these criteria.  That said, Ivy may very well suffer from conditions that the CDC considers at greater risk to render an individual severely ill should he contract COVID-19.  See Centers for Disease Control & Prevention, *People with Certain Medical Conditions*, available at https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited on July 17, 2020).  Yet, again, Ivy presents no evidence that his *present* conditions fall within any of the at-risk categories.  It is best remembered that Ivy bears the burden of demonstrating that compassionate release is warranted.  Cf. United States v. Hamilton, 715 F.3d 328, 337 (11th Cir. 2013) (in the context of a motion to reduce under § 3582(c)(2)).

Upon the foregoing, the Clerk is directed to **TERMINATE** Defendant Gregory Lee Ivy's motion for compassionate release (doc.

4

75) without prejudice for Ivy to refile after he has exhausted his administrative remedies.

**ORDER ENTERED** at Augusta, Georgia, this 20th day of July, 2020.

```
_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
```